UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS, ss.

C.A. No. 03-cv-12605

FILED
IN CLERK'S OFFICE

2004 JAN -8 A 11: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| PAUL A. GARGANO<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) AMENDED COMPLAINT<br>) |
| RONALD ZIMMER, ZELITA ZIMMER<br>and ZIMMER & ASSOCIATES<br>Defendants | )<br>)<br>)<br>) |

## PARTIES

1. The Plaintiff, Paul Gargano, is an individual who resides at 75 Cambridge Parkway, Cambridge, Middlesex, Massachusetts.

2. The Defendants, Ronald Zimmer, is an individual who resides at 292 Shipe Run Road, Amwell Township, Pennsylvania.

3. The Defendant, Zelita Zimmer, is an individual who resides at 292 Shipe Run Road, Amwell Township, Pennsylvania.

4. The Defendant, Zimmer Associates, is a corporation with a principal place of business located at 292 Shipe Run Road, Amwell Township, Pennsylvania.

## JURISDICTION

Jurisdiction is predicated upon diversity of citizenship pursuant to 28 U.S.C.§ 1332. The amount in controversy in this matter exceeds $75,000.00, meeting the jurisdictional amount.

## FACTS

5. The Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-4

6. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general

contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

7. As per their agreement, the Defendants were to organize several subcontractors to perform activities such as the installation of electrical circuitry in the house and the installation of functional plumbing in the house.

8. As part of their agreement, the Defendants verified that they would complete their performance and have the house suitable for inhabitability by September 15, 2003.

9. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

10. Through discussions and correspondence from all parties involved, it was understood by all parties that time was of the essence in this matter.

11. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

12. The Defendants knew that the Plaintiff would be arriving at their house in the Cayman Islands on or about December 27, 2003.

13. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded further payments from the Plaintiff in excess of the contract allowances.

14. As a result of the Defendant's intentional misconduct, the Plaintiff had to cancel his planned Christmas holiday vacation to his house in the Grand Cayman Islands.

15. By willfully violating the parties' agreement, The Plaintiff was severely damaged.

## COUNT I
### VIOLATION OF M.G.L. Ch. 93A
(Plaintiff Paul Gargano v. Defendant Ronald Zimmer.)

16. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-15.

17. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

18. At all times relative to the complaint, Ronald Zimmer was the president of Zimmer & Associates.

19. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

20. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

21. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded further payments from the Plaintiff in excess of the contract allowances.

22. The Defendant's actions were deceptive and the deception was willful and knowing, constituting a violation of M.G.L. chapter 93A, § 2,9.

23. By willfully violating the parties' agreement, the Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Ronald Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT II
## VIOLATION OF M.G.L. Ch. 93A
(Plaintiff Paul Gargano v. Defendant Zelita Zimmer.)

24. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-23.

25. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer Associates, whereby Zimmer Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

26. At all times relative to the complaint, Zelita Zimmer was an officer of Zimmer & Associates.

27. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

28. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

29. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded further payments from the Plaintiff in excess of the contract allowances.

30. The Defendant's actions were deceptive and the deception was willful and knowing, constituting a violation of M.G.L. chapter 93A, § 2,9.

31. By willfully violating the parties' agreement, the Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zelita Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT III
## VIOLATION OF M.G.L. Ch. 93A
(Plaintiff Paul Gargano v. Defendant Zimmer & Associates.)

32. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-31.

33. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

34. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

35. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

36. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded further payments from the Plaintiff in excess of the contract allowances.

37. The Defendant's actions were deceptive and the deception was willful and knowing, constituting a violation of M.G.L. chapter 93A, § 2,9.

38. By willfully violating the parties' agreement, the Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zimmer & Associates for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT IV
### Wrongful Interference with a Contractual Agreement
(Plaintiff Paul Gargano v. Defendant Ronald Zimmer)

39. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-38.

40. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

51. The Defendant ordered the subcontractors to cease work on the house as a means of knowingly pressuring the Plaintiff into making further payments in excess of the contract allowances that were set forth in the parties' agreement.

52. By the Defendant willfully interfering with the parties' contractual agreement, the Plaintiff, Paul Gargano, has been severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zelita Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

### COUNT VI
### Wrongful Interference with a Contractual Agreement
(Plaintiff Paul Gargano v. Defendant Zimmer & Associates)

53. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-52.

54. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

55. As per the parties' agreement, the Defendant, acting as general contractor, was to organize several subcontractors to perform activities such as the installation of electrical circuitry in the house and the installation of functional plumbing in the house.

56. Prior to completion of their duties, the Defendant, interfered with the parties' contractual agreement by contacting the subcontractors and ordering them to cease all work at the Plaintiff's house.

57. The Defendant ordered the subcontractors to cease work on the house as a means of knowingly pressuring the Plaintiff into making further payments in excess of the contract allowances that were set forth in the parties' agreement.

58. By the Defendant willfully interfering with the parties' contractual agreement, the Plaintiff, Paul Gargano, has been severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zimmer & Associates for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

### COUNT VII
### Breach of Contract
(Plaintiff Paul Gargano v. Defendant Ronald Zimmer)

59. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-58.

60. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

61. At all times relevant to this Complaint, the Defendant Ronald Zimmer was the president of the Defendant, Zimmer & Associates.

62. As per their agreement, the Defendants were to organize several subcontractors to perform activities such as the installation of electrical circuitry in the house and the installation of functional plumbing in the house.

63. As part of their agreement, the Defendants verified that they would complete their performance and have the house suitable for inhabitability by September 15, 2003.

64. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

65. Through discussions and correspondence from all parties involved, it was understood by all parties that time was of the essence in this matter.

66. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

67. The Defendants knew that the Plaintiff would be arriving at their house in the Cayman Islands on or about December 27, 2003.

68. Upon a request of the Plaintiff, the Defendant refused to provide an actual accounting of services performed by the Defendant.

69. The Defendant willfully breached the parties agreement by intentionally not completing their services by the time agreed upon by the parties, and furthermore, knowing that the house would not be complete by the date agreed upon by all parties, demanding further payments from the Plaintiff in excess of the contract allowances.

70. By willfully breaching the parties' agreement, The Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Ronald Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT VIII
**Breach of Contract**

(Plaintiff Paul Gargano v. Defendant Zelita Zimmer)

71. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-70.

72. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

73. At all times relevant to this Complaint, the Defendant Zelita Zimmer was an officer of the Defendant, Zimmer & Associates.

74. As per their agreement, the Defendants were to organize several subcontractors to perform activities such as the installation of electrical circuitry in the house and the installation of functional plumbing in the house.

75. As part of their agreement, the Defendants verified that they would complete their performance and have the house suitable for inhabitability by September 15, 2003.

76. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

77. Through discussions and correspondence from all parties involved, it was understood by all parties that time was of the essence in this matter.

78. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

79. The Defendants knew that the Plaintiff would be arriving at their house in the Cayman Islands on or about December 27, 2003.

80. Upon a request of the Plaintiff, the Defendant refused to provide an actual accounting of services performed by the Defendant.

81. The Defendant willfully breached the parties agreement by intentionally not completing their services by the time agreed upon by the parties, and furthermore, knowing that the house would not be complete by the date agreed upon by all parties, demanding further payments from the Plaintiff in excess of the contract allowances.

82. By willfully breaching the parties' agreement, the Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zelita Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT IX
### Breach of Contract
(Plaintiff Paul Gargano v. Defendant Zimmer & Associates)

83. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-82.

84. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

85. As per their agreement, the Defendants were to organize several subcontractors to perform activities such as the installation of electrical circuitry in the house and the installation of functional plumbing in the house.

86. As part of their agreement, the Defendants verified that they would complete their performance and have the house suitable for inhabitability by September 15, 2003.

87. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

88. Through discussions and correspondence from all parties involved, it was understood by all parties that time was of the essence in this matter.

89. As part of their agreement, the Plaintiff did in fact compensate the Defendant in advance for certain activities, with assurances that the Defendant would be compensated in full upon completion of their duties.

90. The Defendants knew that the Plaintiff would be arriving at their house in the Cayman Islands on or about December 27, 2003.

91. Upon a request of the Plaintiff, the Defendant refused to provide an actual accounting of services performed by the Defendant.

92. The Defendant willfully breached the parties agreement by intentionally not completing their services by the time agreed upon by the parties, and furthermore, knowing that the house would not be complete by the date agreed upon by all parties, demanding further payments from the Plaintiff in excess of the contract allowances.

93. By willfully breaching the parties' agreement, The Plaintiff was severely damaged.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zimmer & Associates for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT X
**Fraud in the Inducement to Enter into a Contract**
(Plaintiff Paul Gargano v. Defendant Ronald Zimmer)

94. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-93.

95. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

96. At all times relevant to this Complaint, the Defendant Ronald Zimmer was the president of the Defendant, Zimmer & Associates.

97. At all times relevant to this Complaint, the parties owed one another a duty of good faith and fair dealing.

98. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

99. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded payments from the Plaintiff in excess of the contract allowances.

100. Inasmuch, the Defendant fraudulently induced the Plaintiff into entering into an agreement with the Defendant having any intent to comply with the agreement.

101. By Fraudulently inducing the Plaintiff to enter into an agreement that the Defendant never intended to comply with, the Defendant severely damaged the Plaintiff.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Ronald Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.


## COUNT XI
**Fraud in the Inducement to Enter into a Contract**
(Plaintiff Paul Gargano v. Defendant Zelita Zimmer)

102. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-101.

103. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general

contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

104. At all times relevant to this Complaint, the Defendant Zelita Zimmer was an officer of the Defendant, Zimmer & Associates.

105. At all times relevant to this Complaint, the parties owed one another a duty of good faith and fair dealing.

106. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

107. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded payments from the Plaintiff in excess of the contract allowances.

108. Inasmuch, the Defendant fraudulently induced the Plaintiff into entering into an agreement with the Defendant having any intent to comply with the agreement.

109. By Fraudulently inducing the Plaintiff to enter into an agreement that the Defendant never intended to comply with, the Defendant severely damaged the Plaintiff.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zelita Zimmer for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

## COUNT XII
### Fraud in the Inducement to Enter into a Contract
(Plaintiff Paul Gargano v. Defendant Zimmer & Associates )

110. The Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-109.

111. On or about April 22, 2002, the Plaintiff, Paul Gargano, entered into an agreement with the Defendant, Zimmer & Associates, whereby Zimmer & Associates would act as a general contractor in the construction of the Plaintiff's house in Grand Cayman Island, and the Plaintiff would compensate the Defendants upon completion of their services.

112. At all times relevant to this Complaint, the parties owed one another a duty of good faith and fair dealing.

113. Relying upon the Defendants' assurances of completion of their duties, the Plaintiff planned a vacation to his house in the Cayman Islands for December 27, 2003.

114. The Defendant, knowing that the house would not be complete by the date agreed upon by all parties, demanded payments from the Plaintiff in excess of the contract allowances.

115. Inasmuch, the Defendant fraudulently induced the Plaintiff into entering into an agreement with the Defendant having any intent to comply with the agreement.

116. By Fraudulently inducing the Plaintiff to enter into an agreement that the Defendant never intended to comply with, the Defendant severely damaged the Plaintiff.

**WHEREFORE**, the Plaintiff, Paul Gargano, demands judgment against Defendant Zimmer & Associates for all damages, together with interest, cost and attorney fees and any other relief this court deems just and proper.

Plaintiff,
By his attorneys,
GARGANO & ASSOCIATES, P.C.

Paul A Gargano BBO# 185560
Timothy Scannell BBO # 655453
Thomas Graves Landing
4 Canal Park
Cambridge, MA 02141
(617) 621-1100