UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL A. GARGANO,                          )
                                          )
                Plaintiff,                )
                                          )
v.                                        )        Civil Action No. 03-12605-NG
                                          )
RONALD ZIMMER, ZELITA ZIMMER,             )
and ZIMMER & ASSOCIATES,                  )
                                          )
                Defendants.               )
                                          )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUESTS FOR DEFAULT PURSUANT TO RULE 55(a)

Ronald Zimmer ("Dr. Zimmer"), Celita Zimmer ("Ms. Zimmer"), and Zimmer &

Associates (collectively, the "Zimmers") hereby oppose Plaintiff's Request for Default Pursuant

to Rule 55(a) ("Request for Default") directed to each one of them. The court also may treat this

brief as a motion to quash the alleged service of process. Because service has not been made on

the Zimmers, a fact of which the plaintiff is well aware (and which was misrepresented to this

Court), the Requests for Default should be denied.[1]

---

[1] Because none of the defendants have been served, they are only appearing for the limited purpose of preventing default judgments from entering against them. Moreover, because service has not been made, it is premature for the Zimmers to actually respond to the Amended Complaint. However, grounds to dismiss the Amended Complaint do exist, such as lack of jurisdiction (both subject matter and personal) and insufficiency of process. See Fed. Civ. P. 12(b)(1), (2) and (5). This memorandum briefly addresses those issues below because, given the circumstances described *infra*, this Court may dismiss the Amended Complaint on its own initiative. See, e.g., Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (noting that "sua sponte dismissals are strong medicine, and should be dispensed sparingly") (citation omitted); Literature, Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973) ("While no motion to dismiss had been filed, a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint.") (noting that court should give plaintiffs notice of proposed action and afford them opportunity to address the issue). Should a response to a complaint in this action ever be necessary, however, the Zimmers expressly reserve the right to advance such arguments in a motion to dismiss.

## I.    INTRODUCTION

Plaintiff Paul Gargano ("Mr. Gargano") is an attorney in Cambridge.  He seeks default judgments against the Caymanian defendants based on service of process that is deficient on its face.  The purported "service" apparently involved leaving the summons and Amended Complaint at an empty vacation house in Pennsylvania, when Mr. Gargano and his attorneys knew the Zimmers were in the Cayman Islands and knew – as evidenced by back-and-forth correspondence – that the Zimmers were represented by Caymanian counsel.

The requests for default judgment are simply the latest attempt in an ongoing effort to drag the Zimmers into this Court (*i.e.*, in a foreign country and in Mr. Gargano's backyard), even though Massachusetts has absolutely no connection to the underlying dispute in the Cayman Islands.  As will be shown below, the *written* record is clear that Mr. Gargano (through his attorneys) repeatedly and knowingly misrepresented this Court's actions in an attempt to trick the Zimmers into appearing in this action (and, concomitantly, wasting their time and money).  When that failed, Mr. Gargano improperly, and without proper notice, filed the Requests for Default.  In so doing, Mr. Gargano has attempted to dupe this Court, which are grounds not only to deny the Requests for Default, but also to dismiss this case.

## II.    SUMMARY OF RELEVANT FACTS

### A.    The Underlying Dispute and the Action Filed in this Court

Zimmer & Associates is a construction company that builds high-end homes.  *See* Affidavit of Celita Zimmer ("Zimmer Aff."), filed herewith, ¶ 2.  In April 2002, Zimmer & Associates contracted to build a house for Mr. Gargano at Cayman Kai, Grand Cayman.  The signatories to the contract, which was drafted, agreed-to, and executed in Grand Cayman, were Mr. Gargano and Ms. Zimmer (on behalf of Zimmer & Associates). Id., ¶ 7.

Zimmer & Associates is a Caymanian registered Ordinary Resident Company, with a principal place of business (and its only office) in Georgetown, Grand Cayman. Id., ¶ 2. Mr. Gargano has visited this office, and is fully aware that Zimmer & Associates does not have any offices in the United States. It does not do any work in the United States. Id., ¶ 3.

Ms. Zimmer is a Caymanian citizen. She and her husband, Dr. Zimmer (a Caymanian by grant of status), are full-time residents of the Cayman Islands, and have been for nearly twenty years. Id., ¶ 4. They have known Mr. Gargano for approximately ten years, as his Caymanian property is close to their home. They considered Mr. Gargano a friend, and Mr. Gargano has been to their home. Id., ¶ 5. Mr. Gargano is fully aware that the Zimmers live full-time in the Cayman Islands, and that they own a vacation home in southwestern Pennsylvania, which they visit only several weeks per year. Id., ¶¶ 5-6.[2]

Zimmer & Associates began work on Mr. Gargano's house in November 2002. Id., ¶ 8. Mr. Gargano made payments under the contract by wiring money to Zimmer & Associates' bank in the Cayman Islands. Id. Consistent with an agreed-upon time frame for completing the house (i.e., 12 to 14 months), the house was completed in December 2003. Id., ¶ 9.

This litigation arose after Ms. Zimmer wrote Mr. Gargano on December 12, 2003 about her concerns that Mr. Gargano was going to default on his payment obligations. Id. Ten days later, Mr. Gargano filed a twelve-count Complaint against the Zimmers. See Docket, attached hereto as Ex. 1.

The Complaint was dismissed by the Court on January 5, 2004, for want of subject matter jurisdiction. See Ex. 1. Mr. Gargano subsequently filed an Amended Complaint on January 22,

---

[2] Remarkably, notwithstanding that Mr. Gargano knows the Zimmers live in Grand Cayman, and knows that Zimmer & Associates is a Caymanian company, Mr. Gargano alleges in the Amended Complaint that the Zimmers "reside[] at 292 Shipe Run Road, Amwell Township, Pennsylvania" and that Zimmer & Associates has "a principal place of business" there. See Amended Complaint, ¶¶ 2-4.

2004. Id. On January 22, Mr. Gargano also filed a Motion to Perfect Proof of Service. Id. This

Court denied that motion on February 3. Id.

On February 24, 2004, Mr. Gargano filed affidavits of service with this Court. Id. On

March 8, 2004, Mr. Gargano filed, as to each defendant, Plaintiff's Request for Default Pursuant

to Rule 55(a). Id. The Requests for Default do not contain certificates of service. *See* Requests

for Default, attached hereto as Ex. 2.

### B.    Mr. Gargano Repeatedly Misrepresented This Court's Actions.

In January and February of this year, Mr. Gargano's attorneys, Sean Beagan and Timothy

Scannell ("Attorney Beagan" and "Attorney Scannell," respectively),[3] and the Zimmers'

Caymanian attorney, J. Samuel Jackson ("Attorney Jackson"), corresponded about the

underlying dispute and about the action that Mr. Gargano had filed in this Court. That

correspondence plainly shows that Mr. Gargano first tried to trick the Zimmers into appearing in

this action, and then, when that failed, furtively filed the Requests for Default.

For ease of reference and for the sake of brevity, a chronology including the pertinent

correspondence is set forth below:

| | |
|---|---|
| January 5, 2004 | This Court dismissed the Complaint, which had been filed on December 24, 2003, for want of subject matter jurisdiction. *See* Ex. 1. |
| January 22, 2004 | This Court allowed Mr. Gargano to Amend his Complaint. *See* id. |
| January 22, 2004 | Mr. Gargano **filed Motion to Perfect Proof of Service**. *See* id. |
| January 22, 2004 | Attorney Scannell sent to Dr. Zimmer's Caymanian email account a letter which stated: "enclosed please find an Amended Complaint filed in the United States District Court for the District of Massachusetts, which was processed on the within date. **Service of process has been perfected on all of the Defendants**, despite your attempts to avoid the same." Zimmer Aff., Ex. A (emphasis added). |

---

[3] Attorneys Beagan and Scannell apparently work at Mr. Gargano's firm, Gargano & Associates, P.C.

January 23, 2004[4]    Attorney Jackson wrote Mr. Gargano, disputing items in prior letters from Mr. Gargano. Attorney Jackson demanded that Mr. Gargano pay the $40,000 he owed to Zimmer & Associates. *See* Affidavit of J. Samuel Jackson, Esq. ("Jackson Aff."), Ex. A.

January 26, 2004    Attorney Beagan wrote to Attorney Jackson:

> [P]lease be aware that a complaint has been filed against Zimmer and Associates and Ronald Zimmer in the United States District Court, District of Eastern Massachusetts, docket number 03-cv-12605. **The Court has approved the service of process on your clients as being perfected,** despite the Zimmers' best efforts to avoid service of process.

Jackson Aff., Ex. B (emphasis added).

February 2, 2004    Attorney Jackson wrote Attorney Beagan, clarifying that: (a) the Zimmers had never been served, (b) Zimmer and Associates, Ltd. is a Caymanian registered Ordinary Resident Company, (c) Dr. and Ms. Zimmer are domiciled in the Cayman Islands, and (d) the Pennsylvania address cited to in the complaint is a vacation house at which Dr. and Ms. Zimmer reside only a few weeks per year.

In addition, Attorney Jackson wrote:

> In any event, our clients do not accept that they have been properly served with the U.S. proceedings and we would imagine that your client would have to obtain some form of permission for alternate service outside the jurisdiction for you to be able to claim that "service has been perfected." **We would therefore ask that you specifically state what you mean in the letter by saying that the U.S. District Court has "approved the service of process on your clients as being perfected."**

Jackson Aff., Ex. C (emphasis added).

February 3, 2004    **This Court denied the Motion to Perfect Proof of Service.** *See* Ex. 1.

---

[4] All correspondence attached to the Jackson Affidavit was sent by facsimile.

February 4, 2004    Attorney Beagan wrote to Attorney Jackson:

> Service of the Complaint and Summons has been perfected as to Mr. and Mrs. Zimmer and Zimmer & Associates. **A motion was made to determine sufficiency of service** and to determine whether alternative service was necessary pursuant to the Federal Rules of Civil Procedure. **The motion was considered by the U.S. District Court and service was found to be perfected** without need of further service by alternate means.

Jackson Aff., Ex. D (emphasis added).

February 6, 2004    Attorney Jackson wrote Attorney Beagan, reiterating that the Zimmers had not been served:

> [E]ven though we accept that the writer is not familiar with all of the intricacies of United States law or procedure, we do not understand how you could allege that service has been made or how a court could find that service has been "perfected." When do you allege that service was actually made? Finally, are you alleging that service has been made on all three "defendants"? **Please advise so that we can discuss with our clients whether or not they need to appear in [] Massachusetts.**

Jackson Aff., Ex. E (emphasis added).

February 23, 2004    Attorney Beagan wrote Attorney Jackson.  Attorney Beagan did not respond to the inquiries about service of process, but instead made the following threat:  "If Mr. Zimmer cannot explain the discrepancy in price, Mr. Gargano has advised me that he will consider further action in the form of a **criminal complaint against Mr. Zimmer**." Jackson Aff., Ex. F (emphasis added).

March 5, 2004    Attorney Jackson wrote Attorney Beagan.  Attorney Jackson noted that on February 6 "we raised certain queries as to your assertion that our client had been served process relating to your client's U.S. Court proceedings, to which we have not received any response." Jackson Aff., Ex. F.

March 8, 2004    Mr. Gargano's attorney, Attorney Scannell, filed the Requests for Default. *See* Ex. 1.  There is no certificate of service on the Requests for Default. Neither Attorney Scannell nor any other attorney from Mr. Gargano's office notified Attorney Jackson of this filing.[5]

---

[5] The filing was discovered after-the-fact by checking the docket on PACER.

## III.   ARGUMENT

### A.   The Zimmers Have Not Been Served.

All parties agree that the Zimmers have not been personally served with a summons and complaint. *See* Ex. 2 (Requests for Default); *see also* Zimmer Aff., ¶¶ 14-15. Instead of personal service, the form "Affidavit[s] of Process Server" ("Affidavits") that Mr. Gargano filed with this Court on February 24, 2004 indicate that the process server "served" each defendant with the summons and Amended Complaint by "leav[ing those documents] at door last known address." *See* Ex. 3 (Affidavits), attached hereto. The three Affidavits apparently were executed on February 13, 2004. Id.

The record plainly shows that Mr. Gargano <u>knew</u> that (1) the Pennsylvania address is a vacation house and not a permanent residence, (2) the Zimmers permanently reside in the Cayman Islands, and (3) Zimmer & Associates' principal place of business is in Grand Cayman. *See* Zimmer Aff., ¶¶ 3, 5-6. The record is clear that Mr. Gargano's attorneys knew this, too. Only *three weeks before* Mr. Gargano filed the Affidavits, Attorney Jackson had written Attorney Beagan to clarify that Ms. and Dr. Zimmer lived in the Cayman Islands and that the Pennsylvania residence was a seldom-used vacation house. Jackson Aff., ¶ 5 and Ex. C. Attorney Jackson also reiterated, at that time, that Zimmer & Associates is a Caymanian company. Id.

Leaving a summons and complaint "at [the] door" of a vacation house does not constitute service on Ms. and Dr. Zimmer. The rules provide that service in the United States can be effectuated "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age...." Fed. R. Civ. P. 4(e)(2). A vacation home is not a "dwelling house or usual place of abode." *See* Wright & Miller, <u>Federal Practice and Procedure</u>

§ 1096 (West 1987 & Supp. 2000) ("[T]he cases make it clear that a temporary residence at the time of service is not a person's dwelling house or usual place of abode when a more permanent residence is shown to exist.").[6] Moreover, the Process Server acknowledges that he did not leave the summons and Amended Complaint with anyone, as the rule requires.[7] *See* Fed. R. Civ. P. 4(e)(2) ("by leaving copies ... <u>with some person</u> of suitable age....") (emphasis added).

Leaving a summons and complaint "at [the] door" of a Pennsylvania vacation house also is not proper service on Zimmer & Associates, a Caymanian company with a principal place of business in Georgetown, Grand Cayman.[8] *See* Zimmer Aff., ¶ 2. Under Fed. R. Civ. P. 4(h)(2), proper service on Zimmer & Associates would need to be made pursuant to Fed. R. Civ. P. 4(f), which is the same way Ms. and Dr. Zimmer are required to be served. *See* Fed. R. Civ. P. 4(f)(1) (service should be made by "any internationally agreed means" such as the Hague convention, which is in effect in the Cayman Islands).

---

[6] The Pennsylvania house was not even a "temporary residence" when service was allegedly made on February 13, 2004. The house was vacant. The Zimmers returned to the Cayman Islands in early January 2004 and have been there ever since. The Zimmers have not even seen the materials allegedly left by the process server in Pennsylvania. *See* Zimmer Aff., ¶ 15.

[7] It is noteworthy that in the section where the process server indicated "Manner of Service," he did not check the box next to "By leaving copies at the dwelling house or usual place of abode ... with a member of the household ...." Instead, he checked the box next to "By posting copies in a conspicuous manner to the address of the person/entity being served." *See* Ex. 3.

[8] Even though Mr. Gargano knew that Zimmer & Associates' principal place of business is located in Georgetown, Grand Cayman, he alleged in the Amended Complaint that Zimmer & Associates had "a principal place of business" in Pennsylvania. *See* Amended Complaint, ¶ 4. This allegation is simply remarkable, and it is inconceivable that it was an inadvertent mistake. At the very least, it raises Rule 11 concerns. *See* <u>Business Guides, Inc. v. Chromatic Communications Enterps., Inc.</u>, 498 U.S. 533, 542-543 (1991) (Under Rule 11, "[a] signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive.").

**B.    Because The Zimmers Have Not Been Served, At A Minimum, The Requests For Default Should Be Denied.**

As shown above, the defendants have not been served. Because they have not been served, there has been no need for the Zimmers to respond to the Amended Complaint, and thus there has been no "default." Accordingly, the Requests for Default should be denied.

Moreover, based on the unfair and deceptive acts of Mr. Gargano and his attorneys, the Court should consider dismissing this case with prejudice. See Tempelman v. U.S., 1994 WL 266748, at * 1 (D.N.H.1994) ("Although dismissal is an extreme sanction, this court agrees, based on the record before it, that the sanctions applied were 'limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated,' Rule 11(c)(2), and were therefore appropriate."). As shown in the chronology above, Mr. Gargano (through his counsel) represented on several occasions to the Zimmers that this Court had "perfected" service, when that simply was <u>not</u> the case. Two misrepresentations occurred (on January 22 and January 26) before the Court denied the Motion to Perfect Service. The third misrepresentation occurred *one day after* the Court denied that Motion. In his letter of February 4, Attorney Beagan wrote:

> **The motion was considered by the U.S. District Court and service was found to be perfected.**

Jackson Aff., Ex. D (emphasis added). Attorney Beagan's statement was patently untrue.

In addition to these numerous misrepresentations, Attorney Beagan also threatened to bring a criminal complaint against Mr. Zimmer. See Jackson Aff., Ex. F. This threat is a clear violation of the Massachusetts Rules of Professional Conduct, Rule 3.4(h), which states that "A lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to obtain an advantage in a private civil matter."

Although it is premature for the Zimmers to affirmatively *move* to dismiss the Amended Complaint (*i.e.*, due to the lack of service, the Zimmers need not respond to the Amended Complaint), there certainly are grounds for this Court to dismiss it. First, as shown above, there has been insufficient process, warranting dismissal under Fed. R. Civ. P. 12(b)(5). *See, e.g.*, Chiara v. Dizoglio, 81 F. Supp. 2d 242, 250 (D. Mass. 2000) (allowing motion to dismiss complaint because "service was not properly effected"). Second, notwithstanding Mr. Gargano's perfunctory "amendment" to his complaint, the amount in dispute does not exceed $75,000, and thus there is no subject matter jurisdiction, warranting dismissal under Fed. R. Civ. P. 12(b)(1). *See, e.g.*, Bernatche v. Law Office of Daniel G. Lilley, 2003 WL 21756826 (D. Me. July 29, 2003) (magistrate recommended *sua sponte* to dismiss because there was no diversity jurisdiction).

Third, there is no personal jurisdiction over the Zimmers, as the affidavit of Celita Zimmer makes very clear. All of the facts point to the Cayman Islands. For example: the Zimmers lived in the Cayman Islands; Zimmer & Associates is located in and does business only in the Cayman Islands; Mr. Gargano's house is located in the Cayman Islands; and, the contract between Mr. Gargano and Zimmer & Associates was drafted, agreed-to, executed, and performed in the Cayman Islands. *See* Zimmer Aff, ¶¶ 2-7. Even the Amended Complaint makes absolutely no reference to Massachusetts (or anywhere else in the United States), other than it being where Mr. Gargano resides. Although it is premature for the Zimmers to fully brief the issue, suffice it to say that whether or not there is personal jurisdiction is not even a close call, and dismissal is warranted under Fed. R. Civ. P. 12(b)(2).[9]

---

[9] It is clear that Mr. Gargano cannot satisfy the requirements of the long-arm statute, Mass. Gen. L. c. 223A, §3. Even if Mr. Gargano alleged that the Zimmers "caused tortious injury in this commonwealth" (an allegation that would be stretch even under the Amended Complaint), there still would be no jurisdiction because none of the defendants do any business in Massachusetts. *See* G.L. c.

Given the above-described conduct by Mr. Gargano and his attorneys, in addition to dismissal with prejudice, the Zimmers respectfully request that this Court consider an award of costs. *See* <u>Gas Reclamation, Inc. v. Jones</u>, 113 F.R.D. 1, 4 (S.D. Tex. 1985) (imposing Rule 11 sanctions where attorney falsely represented to court that defendants had been properly served and where it was the plaintiff's "intention to obtain a default judgment without notice to the other side at any cost", and ordering plaintiff to pay defense counsel's fees).

## IV.    CONCLUSION

For the foregoing reasons, the Zimmers respectfully requests that this court deny the Plaintiff's Requests for Default, dismiss the Amended Complaint with prejudice, and grant the Zimmers whatever other relief this Court deems appropriate.

RONALD ZIMMER, CELITA ZIMMER,
and ZIMMER & ASSOCIATES

By their attorneys,

*SMcCe*

Thomas F. Maffei (BBO 313220)
Scott McConchie (BBO 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
(617) 542-9900

Dated:  March 23, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON:

3/23/04  SMcCe

---

223A, § 3(d).  Moreover, under the test established in <u>International Shoe v. Washington</u>, 326 U.S. 310, 316 (1945), there must be a showing that the Zimmers had "minimum contacts" with Massachusetts such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Mr. Gargano cannot make a showing, as there is <u>no</u> contact with Massachusetts.