UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL A. GARGANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD ZIMMER, ZELITA ZIMMER, )<br>and ZIMMER & ASSOCIATES, )<br>)<br>Defendants. )<br>) | Civil Action No. 03-12605-NG |

### AFFIDAVIT OF J. SAMUEL JACKSON, ESQ.

J. Samuel Jackson, on oath, deposes and says as follows:

1.  I am an attorney in Grand Cayman, Cayman Islands. In local matters, I represent Ronald Zimmer ("Dr. Zimmer"), Celita Zimmer ("Ms. Zimmer"), and Zimmer & Associates (collectively, the "Zimmers"), the three purported defendants in the above-captioned action. I submit this affidavit in connection with the Defendants' Opposition to Plaintiff's Requests for Default Pursuant to Rule 55(a).

2.  In the evening of March 15, 2004, I learned that the plaintiff, Paul A. Gargano, had requested default judgments against the Zimmers. (I did not, however, learn this from Mr. Gargano or any of his attorneys.) I understand that Mr. Gargano alleges that the Zimmers have been properly served with an Amended Complaint, and that Zimmers have failed to timely answer it. As is shown by the correspondence below, Mr. Gargano's assertions are completely unfounded.

3.  I first wrote Mr. Gargano on Friday, January 23, 2004, in response to correspondence that Mr. Gargano had previously sent to Ms. and Dr. Zimmer. A copy of my

letter is attached hereto as Exhibit A.[1] In this letter, I disputed the various untruths in Mr. Gargano's correspondence, and demanded that Mr. Gargano pay the $40,000 he owed to Zimmer & Associates.

4.  On Monday, January 26, 2004, Sean Beagan, who I understand is an attorney from Mr. Gargano's law firm, responded to my letter. A copy of Attorney Beagan's letter is attached hereto as Exhibit B. Attorney Beagan wrote, in part, the following:

> [P]lease be aware that a complaint has been filed against Zimmer and Associates and Ronald Zimmer in the United States District Court, District of Eastern Massachusetts, docket number 03-cv-12605. **The Court has approved the service of process on your clients as being perfected**, despite the Zimmers' best efforts to avoid service of process.

Exhibit B (emphasis added). Attorney Beagan attached to his letter "a courtesy copy of the Complaint, as well as Interrogatories and Requests for Documents to be answered by your client."

5.  I responded to Attorney Beagan's letter in a letter dated February 2, 2004. A copy of this letter is attached hereto as Exhibit C. Because I understood Mr. Gargano to be alleging that the Zimmers had been served (despite my understanding to the contrary) *and* that the Court had somehow "perfected" service, I attempted to set the record straight. I told Attorney Beagan that (a) the Zimmers had never been served with a complaint, (b) Zimmer and Associates, Ltd. is a Caymanian registered Ordinary Resident Company, (c) Dr. and Ms. Zimmer are domiciled in the Cayman Islands, and (d) the Pennsylvania address cited to in the complaint is a vacation house at which Dr. and Ms. Zimmer reside only a few weeks per year. In addition, I wrote:

> In any event, our clients do not accept that they have been properly served with the U.S. proceedings and we would imagine that your

---

[1] All correspondence attached hereto was sent by facsimile.

2

> client would have to obtain some form of permission for alternate service outside the jurisdiction for you to be able to claim that "service has been perfected." We would therefore ask that you specifically state what you mean in the letter by saying that the U.S. District Court has "approved the service of process on your clients as being perfected."

Exhibit C.

6. On February 4, 2004, Attorney Beagan responded to my letter of February 2. A copy of this letter is attached hereto as Exhibit D. Attorney Beagan wrote:

> Service of the Complaint and Summons has been perfected as to Mr. and Mrs. Zimmer and Zimmer & Associates. **A motion was made to determine sufficiency of service and to determine whether alternative service was necessary pursuant to the Federal Rules of Civil Procedure. The motion was considered by the U.S. District Court and service was found to be perfected** without need of further service by alternate means.

Exhibit D (emphasis added).

7. I responded to Attorney Beagan's letter on February 6, 2004. A copy of this letter is attached hereto as Exhibit E. I reiterated our belief that the Zimmers had not been served:

> Accordingly, even though we accept that the writer is not familiar with all of the intricacies of United States law or procedure, we do not understand how you could allege that service has been made or how a court could find that service has been "perfected." When do you allege that service was actually made? Finally, are you alleging that service has been made on all three "defendants"? **Please advise so that we can discuss with our clients whether or not they need to appear in [] Massachusetts.**

Exhibit E (emphasis added).

8. Attorney Beagan next wrote me in letter dated February 23, 2004. A copy of this letter is attached hereto as Exhibit F. Attorney Beagan did not respond to my inquiries regarding Mr. Gargano's allegations about service being perfected. Instead, Attorney Beagan wrote about the amount Mr. Gargano had been charged for tile. Attorney Beagan threatened: "If Mr. Zimmer cannot explain the discrepancy in price, Mr. Gargano has advised me that he will

3

consider further action in the form of a **criminal complaint against Mr. Zimmer**." Exhibit F (emphasis added).

9. I responded to Attorney Beagan's letter on Friday, March 5, 2004. A copy of my response is attached hereto as Exhibit G. In the letter, I noted that on February 6 "we raised certain queries as to your assertion that our client had been served process relating to your client's U.S. Court proceedings, to which we have not received any response."

10. Attorney Beagan did not respond to this letter. Instead, according to the docket, on Monday, March 8, 2004, Mr. Gargano (through an attorney in his office) filed Plaintiff's Request for Default Pursuant to Rule 55(a) as to each individual defendant (*i.e.*, Ronald Zimmer, Celita Zimmer, and Zimmer & Associates).

Signed under the pains and penalties of perjury this 22nd day of March, 2004.

_____
J. Samuel Jackson

consider further action in the form of a **criminal complaint against Mr. Zimmer.**" <u>Exhibit F</u> (emphasis added).

9. I responded to Attorney Beagan's letter on Friday, March 5, 2004. A copy of my response is attached hereto as <u>Exhibit G</u>. In the letter, I noted that on February 6 "we raised certain queries as to your assertion that our client had been served process relating to your client's U.S. Court proceedings, to which we have not received any response."

10. Attorney Beagan did not respond to this letter. Instead, according to the docket, on Monday, March 8, 2004, Mr. Gargano (through an attorney in his office) filed Plaintiff's Request for Default Pursuant to Rule 55(a) as to each individual defendant (*i.e.*, Ronald Zimmer, Celita Zimmer, and Zimmer & Associates).

Signed under the pains and penalties of perjury this 22nd day of March, 2004.

J. Samuel Jackson

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/~~HAND~~ ON:

3/23/04 SmcCl

4