UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS, ss.                    C.A. No. 03-cv-12605

```
_____
PAUL A. GARGANO                      )
         Plaintiff,                  )
                                     )
                                     )
v.                                   )
                                     )
                                     )
RONALD ZIMMER, CELITA ZIMMER         )
and ZIMMER & ASSOCIATES              )
         Defendants                  )
_____)
```

## PLAINTIFF PAUL GARGANO'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT PURSUANT TO RULE 55 (a)

Now Comes the Plaintiff, Paul A. Gargano, in the above-referenced matter, and hereby offers the following reply to the Defendant's opposition to Plaintiff's Request for Default Pursuant to Rule 55(a). In support of this reply, the Plaintiff states as follows:

1. Service of Process of the Complaint was made on the Defendants on or about December 30, 2003, when the Defendants acknowledged the Complaint and Summons waiting for them at the Washington County Sheriff's office in Pennsylvania and stated that they would come accept the same but then failed to appear at the Sheriff's office. (See Tab 1, Affidavit of Timothy Scannell, Esq.; with accompanying Statement from Washington County Sheriff's Office)

2. It was known to the Plaintiffs that the Defendants were at their home in Pennsylvania at the time and it is clear from the Affidavit of Celita Zimmer submitted to this court that the Zimmer's were in fact at their residence in Pennsylvania.

3. In paragraph 10 of her affidavit, Celita Zimmer notes receipt of a letter from the Plaintiff at her house at 292 Shipe Run Road, Amwell Township, PA on December 22, 2003. Accordingly the service of process which followed was not made with the forethought that the Defendants were in the Grand Cayman as the Defendants suggest. Any confusion regarding the whereabouts of the parties can be resolved by the Defendants producing their passports for inspection and verification of their entry into this country. Further, any doubts regarding Plaintiff's whereabouts when the contract was signed can be similarly determined.

4. Based on the statements to the Washington County Sheriff's Office, the Defendants therefore had notice of the claim being asserted against them. Their failure to appear and accept the Complaint and Summons as they represented they would, should not be an excuse to avoid filing an Answer.

5. An Amended Complaint was filed with this court on or about January 22, 2004.

6. On January 26, 2004 and again on February 4, 2004, the Defendants attorney in Cayman Island was advised by Plaintiff's law office that Service on the Zimmer's had been established. This information was based on discussions with the clerk for the United States District Court (See Tab 1)

7. At the direction of this honorable court, the Amended Complaint was served on the Defendants on or about February 13, 2004 at the Defendant's residence located at 292 Shipe Run Road, Amwell Township, PA. The residence was confirmed by neighbors as belonging to the Defendants. (See Tab 1)

8. The Defendants thus had notice of the original Complaint as early as December 30, 2004, when they were advised by the Washington County Sheriff's Office and of the Amended Complaint on or about February 13, 2004

9. Once the Defendant's retained counsel in Cayman Islands, their counsel was notified of the Complaint and service thereof, by way of the letter sent to him on January 26, 2004 and again on February 4, 2004.

10. Despite this knowledge, the Defendant's waited until March 23, 2004 to file any appearance in this matter, a delay of nearly 8 weeks.

11. No act of trickery was used to induce the Defendants to respond to the service of process on the Complaint and every attempt was employed to assure notice to the Defendants. The Defendants failure to file a timely Answer is not result of a failure on the part of the Plaintiff but rather the delay of the Defendants. At all times the Defendant's had the opportunity to inquire with this Court and/or raise the issue of jurisdiction with this honorable Court, as they now attempt to do in the documents now filed with this Court.

12. Defendants are United States Citizens, doing business in Massachusetts and have permanent residences in Pennsylvania and Florida. The selection of the forum is within the Plaintiff's prerogative subject to the guidelines of the Federal Rules of Civil Procedure.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court deny the Defendants request to remove the default.

Respectfully Submitted
By the Plaintiff,

Paul A. Gargano
BBO# 185560
Timothy Scannell
BBO# 655453
Gargano & Associates
4 Canal Park
Cambridge, MA 02141
617-621-1100