UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS, ss.                C.A. No. 03-cv-12605  NG

| | |
|---|---|
| PAUL A. GARGANO<br>Plaintiff,<br><br>v.<br><br>RONALD ZIMMER, CELITA ZIMMER<br>and ZIMMER & ASSOCIATES<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO ALLOW SERVICE OR FOR ALTERNATIVE SERVICE OF PROCESS

**NOW COMES** the Plaintiff, Paul Gargano, in the above referenced matter and asks that this Honorable Court allow service of process by alternate means upon the Defendants. In support thereof, the Plaintiff offers the following:

1. On December 24, 2003, the Plaintiff in the above referenced matter filed a Complaint against the above-captioned Defendants. On that same date, three original complaints, summonses and civil action cover sheets were forwarded to the Sheriff of Washington County, PA, to be served on Celita and Ronald Zimmer at 292 Shipe Run Road, Amwell Township, PA, where the Defendants were known to be residing at the time.

2. The Defendant's presence in Pennsylvania at that time has since been confirmed by Celita Zimmer in the affidavit she has filed with this Court.

3. On December 30, 2003 three copies of the Complaint were sent by certified mail, along with appropriate civil action cover sheets to the Defendants at their address in Pennsylvania.

4. On December 30, 2003 Sheriff Kubicko of Washington County, contacted the Defendant, Ronald Zimmer at his place of residence, 292 Shipe Run Road, Amwell Township, PA. 02150, and spoke to Mr. Zimmer by telephone. (Tab A, Affidavit of Sheriff Kubicko.)

5. Based on Sheriff Kubicko's statements, Mr. Zimmer acknowledged his presence at the above-referenced address, and further agreed to pick up the complaints, summonses and civil action cover sheets at the Sheriff's office.

6. Approximately five days later, on January 5, 2004, the Sheriff's office informed Plaintiff's counsel that Mr. Zimmer had in fact not picked up any of the Documents and had left the country.

7. The Defendant's conduct in making misrepresentations to the Sheriff's office in Pennsylvania is consistent with the type of behavior that the Plaintiff alleges in the complaint, namely a series of misrepresentations and false promises made to the Plaintiff by the Defendants.

8. On or about January 6, 2004, three copies of the Complaint, along with appropriate summonses and civil action covers sheets, were forwarded to the Sheriff's Office in Lake County, Florida, to be served upon the Defendants at their last known place of business, 4330 Wayne Road, Fruitland Park, Florida, 34731.

9. Those summonses and subpoenas were received by Ronald Zimmer's father, who accepted the documents but then returned them to counsel for the Plaintiff.

10. On or about January 8, 2004 an amended complaint was filed in United States District Court pursuant to the court's request for a statement as to jurisdiction. Otherwise the amended complaint mirrored the original.

11. On February 14, 2004 a copy of the Amended Complaint and Summons was left at the last and usual address of the Defendants, 292 Shipe Run Road, Amwell, PA. The address was confirmed by neighbors as being that of the Defendants, Ronald and Celita Zimmer (See Attached, Affidavit of Process Server.)

12. Service at the Defendant's last and usual place of abode is in compliance with the Massachusetts Rules of Civil Procedure Rule 4(d)(1) and incorporated by Federal Rules of Civil Procedure, Rule 4(e)(1).

13. A copy of the Amended Complaint was also sent to the Defendants via e-mail. The efficiency and reliability of electronic communication has been recognized by this Court and the Court has encouraged electronic filing. In keeping with the Direction of the Court there is no reason electronic service should not also be accepted and encouraged. Three copies were also sent, via first class mail, along with appropriate civil action cover sheets to the Defendants at their address in the Cayman Islands.

14. The Plaintiff knows that the Defendants frequent properties in Florida, Pennsylvania and Cayman Island and have the ability to move at will.

15. Plaintiff is confident that the Defendants will continue to attempt to evade the receipt of service of process.

16. There is no doubt that the Defendants have received a copy of the Complaint in this matter because receipt is acknowledged by Celita Zimmer in her affidavit filed with this court.

17. Further, counsel has appeared on behalf of the Zimmer's, albeit in a limited capacity, which is additional evidence of the Defendants knowledge and awareness of the allegations in the Complaint filed against them.

18. Accordingly, the notice element of service of process has been satisfied.

Wherefore, the Plaintiff respectfully requests that the court reconsider its determination as to service made in this matter, or in the alternative,

1. instruct the Plaintiff as to the manner of service preferred by the court; or

2. instruct the individual Defendant's to produce copies of their driver's licenses for purposes of determining their last and usual abode.

Respectfully Submitted
By the Plaintiff,

*[signature]*

Paul A. Gargano
BBO# 185560
Timothy Scannell
BBO# 655453
Gargano & Associates
4 Canal Park
Cambridge, MA 02141
617-621-1100

April 20, 2004