UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL A. GARGANO ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | NO. 03-12605-JGD |
| ) | |
| RONALD ZIMMER, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFF'S
## MOTION REGARDING SERVICE OF PROCESS

This matter is before the court on plaintiff Paul Gargano's "Motion to Allow Service or for Alternative Service of Process" (Docket # 18) wherein he (1) seeks an advisory opinion from the court as to whether service has been perfected, and/or (2) requests that the court instruct the defendants to produce copies of their driver's licenses for purposes of determining their last or usual place of abode so that they may be served there. For the reasons that follow, Gargano's motion is DENIED. Plaintiff is further ORDERED to provide the defendants (by overnight mail to their Cayman Islands addresses), and counsel who previously filed a limited appearance challenging service (by first class or overnight mail or in-hand delivery) with notice of the Requests for Default Pursuant to Rule 55(a) dated June 22, 20004, along with notice that any opposition to the requests for default shall be filed by **July 12, 2004**. Plaintiff shall promptly file proof of service of these notices with the court.

With respect to plaintiff's Motion, since it is well settled that under Article III of the Constitution, federal courts can only adjudicate concrete legal issues and are not empowered to grant advisory opinions, plaintiff's request that the court advise him on the preferred method of service fails.  See, e.g., Cotter v. City of Boston, 323 F.3d 160, 173 (1st Cir.), cert. denied, __ U.S. __, 124 S. Ct. 179, 157 L. Ed. 2d 47 (2003).  The Federal Rules of Civil Procedure allow service to be effectuated in many ways.  See, e.g., Fed. R. Civ. P. 4(f) (service upon individuals in a foreign country).  The plaintiff may choose any method for service allowed under those Rules, however, the court will not advise him as to which method to pursue.

Second, the plaintiff has not presented any authority to support his request that the court compel the defendants to provide information so that they may be served.  Consequently, this request is denied as well.

Generally, motions addressing the mode of delivery or lack of delivery of the summons and complaint, or the sufficiency of service of process, are filed by the defendant under Fed. R. Civ. P. 12(b)(5).  See 5A C. Wright & A. Miller, Federal Practice and Procedure §1353 (1990).  Given the procedural history of this case, it seems most appropriate that the issue of sufficiency of service be raised in the context of the second requests for default filed by the plaintiff.  Consequently, as detailed above, the plaintiff shall provide defendants with notice of the requests and the date any oppositions are due.

                      / s / Judith Gail Dein
                      Judith Gail Dein
DATED: June 23, 2004           United States Magistrate Judge