UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL A. GARGANO,            )
                            )
        Plaintiff,          )
                            )
v.                          )   Civil Action No. 03-12605-NG
                            )
RONALD ZIMMER, CELITA ZIMMER,)
and ZIMMER & ASSOCIATES,    )
                            )
        Defendants.         )
_____)

### DEFENDANTS' RESPONSE TO PLAINTIFF'S "FURTHER OPPOSITION," AND MOTION FOR LEAVE TO FILE SAME

Pursuant to Local Rule 7.1(B)(3), the defendants hereby move for leave to file this response to "Plaintiff's Further Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" ("Further Opposition"), as well as the plaintiff's second affidavit. This response is necessary because the plaintiff has once again mischaracterized the facts and law.

Because the record on the Defendants' Motion to Dismiss is already voluminous (due, in large part, to the plaintiff's inaccurate recitation of facts), the defendants confine this response to several discrete points:

1      The plaintiff claims this is a "consumer fraud" case. Opposition, p. 1. This is a contract dispute. The plaintiff alleges he paid too much. The defendants allege that he still owes money, having paid only $100,000 for nearly $150,000 in upgrades.[1] This is hardly a tort case. The plaintiff should seek redress in the Cayman Islands, where he decided to tear down his existing home and build a new luxury house.

---

[1] The plaintiff alleges that "the Defendants, notably, have not disputed that an injury to the Plaintiff has occurred." Opposition, p. 2. The plaintiff is wrong. The Defendants have disputed Plaintiff's "injury" all along. The Defendants are the only injured parties here, having been bilked by the plaintiff and forced to spend time and money responding to the plaintiff's baseless allegations in a foreign court.

2.     The plaintiff admits he is a permanent resident of the Cayman Islands. With this status, the plaintiff can come and go to the Cayman Island as he pleases and stay as long as he likes. Moreover, the plaintiff has the same rights as any citizen to seek redress through the four-tiered Caymanian judicial system,[2] which is based on English common law and local statutes.

3.     The plaintiff also does not deny that he spends a significant amount of time in the Cayman Islands every year, having owned a home there for nearly twenty years. He simply says "[h]e vacations in Cayman Island when his work schedule allows." Opposition, p. 2. As his passport clearly would show (the plaintiff, however, has failed to produce a copy of his entire passport to the defendants, despite repeated requests from counsel), the plaintiff usually visits the Cayman Islands several times per year, sometimes staying for more than a month at a time.

4.     The plaintiff alleges that "Ronald Zimmer proceeded to systematically and purposefully solicit the Plaintiff in Massachusetts in order that the Defendants could cultivate a business relationship with the Plaintiff." Opposition, p. 2. As "proof," the plaintiff cites to multiple phone calls and faxes "from Mr. Zimmer to Paul Gargano in Massachusetts." Id. However, the plaintiff has not submitted any faxes showing the alleged solicitation, and attaches only two phone messages left for him. The rest of the phone records submitted by the plaintiff are not ambiguous, and clearly reflect calls *from the plaintiff to Mr. Zimmer*, which is consistent with the defendants' allegation that if their was any "solicitation," it was done by the plaintiff.

5.     The plaintiff alleges that "it is undisputed that there is and has continuously been an office of Zimmer & Associates in Fruitland Park, Florida." Opposition, p. 6. This is patently untrue, as the plaintiff well knows. The Fruitland Park address is Dr. Zimmer's sister's home, where Dr. Zimmer sometimes has mail sent. In fact, the plaintiff tried to serve Zimmer &

---

[2] The Cayman Islands Court of Appeal is the highest court on the islands, but a final appeal may be heard by Her Majesty's Privy Council sitting in London.

Associates at the Fruitland Park address earlier this year. Dr. Zimmer's brother-in-law (*i.e.*, his sister's husband) even wrote the plaintiff (with a copy to this Court) to notify him that service on her was improper.

6.  At bottom, there is nothing in the papers submitted by the plaintiff which contradicts the salient facts: that the plaintiff initiated the business relationship at issue; that the relationship was centered in the Cayman Islands and concerned the building of a luxury house there; that the transaction was between a Caymanian contractor and a longtime Caymanian resident (the plaintiff); that all third party witnesses are located in the Cayman Islands; that the plaintiff spends a significant amount of time in the Cayman Islands; and that the defendants have not been to Massachusetts in over twenty years and have never transacted business here.

RONALD ZIMMER, CELITA ZIMMER,
and ZIMMER & ASSOCIATES

By their attorneys,

/s/ Scott McConchie
Thomas F. Maffei (BBO 313220)
Scott McConchie (BBO 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
Dated: July 28, 2004    (617) 542-9900

### Certificate Pursuant to Local Rule 7.1

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I attempted to confer with counsel for the plaintiff, but was unable to reach him due to his office's early closing time today. In any event, the undersigned is almost certain that the plaintiff would have opposed this filing.

/s/ Scott McConchie
Scott McConchie

### Certificate of Service

I hereby certify that on July 28, 2004, I caused a true copy of the above document to be sent via first class mail to Timothy Scannell, counsel for the plaintiff.

/s/ Scott McConchie
Scott McConchie