This watermark does not appear in the registered version - http://www.clicktoconvert.com

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS, ss.                    C.A. No.  03-cv-12605

_____
PAUL A. GARGANO                             )
       Plaintiff,                             )
                                                   )
v.                                                       )
                                                   )
                                                   )
RONALD ZIMMER, CELITA ZIMMER   )
and ZIMMER & ASSOCIATES             )
       Defendants.                           )
_____)

## PLAINTIFF'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

Now Comes the Plaintiff in the above-captioned matter and pursuant to Fed. R. Civ. P. 72, notes the following written objections to Honorable Judge Magistrate Dein's Report and Recommendation on Defendants' Motion to Dismiss.

The plaintiff generally objects to Judge Dein's Report and Recommendation on the Defendants' Motion to Dismiss, as Judge Dein draws conclusions that are not based on the facts presented, ignores undisputed statements of fact, fails to address the standard of review to be given to the plaintiff's assertions, applies outdated case law which has been subsequently superceded by recent case decisions and generally strays outside the scope of review of a Motion to Dismiss for Lack of Personal Jurisdiction where there is no hearing.

With further particularity, the plaintiff wishes to specifically object to Judge Dein's findings as follows:

This watermark does not appear in the registered version - http://www.clicktoconvert.com

**Purposeful Availment**

1. Forseeability

In the Report and Recommendation, Judge Dein concludes that, "The Zimmers' contacts, therefore, are insufficient to meet the foreseeability requirement of the purposeful availment test." (p.14) The Plaintiff objects to this conclusion and states that Judge Dein has incorrectly applied the current case law on this issue to the facts presented.

In reaching her conclusion, Judge Dein relies heavily on the case of TicketMaster-New York, Inc. v. Alioto, 26 F.3d 201 (1st Cir. 1994), neglecting to recognize a much more relevant case, that of Brookfield Machine, Inc. v. Calbrit Design, 929 F. Supp. 491 (1996). In Brookfield, the defendant, Calbrit Design, an out-of-state corporation, filed a Motion to Dismiss for Lack of Personal Jurisdiction. The motion was denied based largely on the fact that the Defendant's purposeful availment of itself into the Commonwealth was evident due to a "veritable flood of communications between the defendant and plaintiff in Massachusetts." Brookfield, 929 F.Supp 491, at 499.

As in Brookfield, the Defendants in this case contacted the Plaintiff by fax, telephone and mail manifesting the Defendants' intention that the parties business relationship would last for over a year. Id at 495. The Plaintiff has offered evidence of these correspondence to the Court, (Gargano Second Affidavit p. 10) as many were reduced to writing, but Judge Dein failed to give these documents sufficient weight in applying them to the applicable case law.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

On Page 14 of the Report and Reccomendation, Judge Dein states that **"…the dispute that resulted in this litigation arose out of the construction activities that were occurring in the Cayman Islands." (Emphasis Added).** This is a misstatement of the case and causes Judge Dein to make an improper conclusion as to foreseeability. At the heart of Plaintiff's Complaint are allegations that the Defendants knowingly and willingly gained an advantage over the Plaintiff by demanding payment, via written correspondence and telephone calls directed to the Plaintiff in Massachusetts. The payment was for money in the amount of $100,000.00 above and beyond the contract price. Defendant refused to properly document these expenses and instead threatened to stop work just weeks prior to the Plaintiff's planned arrival with his family. It is the Plaintiff's assertion in his Complaint that the $100,000.00, which the Plaintiff paid under duress and threats of the Defendant, was not in fact owed to the Defendants. Plaintiff alleges that Defendants purposefully sent fraudulent correspondence into the Commonwealth in order to extort money from the plaintiff.

It is inconsistent with case precedent for Judge Dein to conclude that the Defendants can knowingly direct such communications into the Commonwealth but not foresee having to answer for their actions in the same forum that the communications were directed and where the injury occurred, namely Massachusetts, as it was from Massachusetts that the Plaintiff directed payment of the $100,000.00. See, Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482 (1984)(An individual injured in California need not go to Florida to seek redress from persons who though remaining in Florida, knowingly cause the injury in California.) See Also, Murphy v. Erwin-Casey, Inc. 460 F.2d 661 (1st Cir. 1972)(For purpose of Massachusetts Long Arm Statute where a defendant knowingly

This watermark does not appear in the registered version - http://www.clicktoconvert.com

sends into a state a false statement, intending that it should there be relied upon to the injury of the resident of that state, he has for jurisdictional purposes, acted within that state.)  In the present case it is not, as the Judge suggests, a defect with the construction that caused Plaintiff's injury but rather a pattern of false statements, coupled with coercion and duress all occurring in Massachusetts that caused the Plaintiff to be separated from his money.

As the plaintiff noted in his Memorandum (Gargano Reply brief, p. 5) submitted to Judge Dein, even when Gargano guaranteed that he would pay the Defendants any outstanding balance upon his arrival in the Cayman Islands, the Defendants declined, and demanded the money be immediately paid by the plaintiff from his location in Massachusetts.  The Defendant needed to extract the money from the plaintiff while he was still in Massachusetts because once plaintiff arrived in Cayman he would have access to the receipts he was requesting and the Defendant would then have to make an accounting.  The deception had to be concluded with the Plaintiff in Massachusetts in order to be successful.

Finally, Judge Dein's conclusion as to the foreseeability prong is completely contradictory to her prior conclusion on page thirteen of her Report and Recommendation, in which she states, **"Thus, the Zimmers purposefully and deliberately reached out to the plaintiff's state of residence to create a relationship with the plaintiff and to facilitate the implementation of their agreement with the plaintiff." (Emphasis Added.)**  By reaching out to the Plaintiff's state of residence and creating a relationship with the Plaintiff, the Defendants have created the continuing obligations with Massachusetts that the Judge subsequently finds lacking.  Namely, the

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Defendants established a lucrative contract with a Massachusett's resident, which comes with it all of the obligations, duties and benefits owed to the Gargano's and to the Zimmer's under Massachusetts law. This includes dealing with the Gargano's in a manner that does not reflect fraud, coercion and duress. These mutual obligations and benefits continues even after the contract terms are concluded.

Judge Dein improperly relies on the Sawtelle case in support of her conclusions as to the foreseeability element of personal jurisdiction. The Sawtelle case is a case of legal malpractice and the facts are so different from this present case as to make it inapplicable. In Sawtelle, the Plaintiff attempted to sue the Defendant, a Florida law firm, in New Hampshire based on an act of alleged professional negligence. In Sawtelle, the Court found that the Plaintiff initiated the contacts with the attorneys in Florida and the alleged acts of negligence occurred in Florida. Id at 1386. In the present case the Zimmers initiated the contacts in Massachusetts and as Judge Dein finds "reached out to the Plaintiff's state of residence to create a relationship with the Plaintiff." Furthermore, the coercion, fraud and deception alleged by the Plaintiff all occurred in Massachusetts when the Defendants sent communications into Massachusetts on which the Plaintiff relied to his detriment.

**"Gestalt" Factors**

In her Report and Recommendation, Judge Dein states that "the Gestalt factors would tip the balance in favor of denying jurisdiction." (p.15) The plaintiff objects to this finding and states that Judge Dein misapplied the applicable case law on this issue and

This watermark does not appear in the registered version - http://www.clicktoconvert.com

overstepped the appropriate legal standard to be applied when she put herself in the position of a fact-finder.

1. Defendant's Burden of Appearing:

Plaintiff objects to Judge Dein's finding that there is a "heavy burden on the alien defendant" (Report and Recommendation p. 18) in this matter, citing Asahi Metal Indus. Co., Ltd. V. Superior Court of Cal., 489 U.S. 102 (1987).  The Court has an obligation, under the circumstances, to "accept specific facts affirmatively alleged by the Plaintiff as true and construe disputed facts in the light most favorable to the plaintiff." Mass. Sch. Of Law at Andover, Inc., v. Am. Bar Ass'n, 142 F. 3d 26, 34 (1st Cir. 1998)  Judge Dein has not met that standard of review here, and the plaintiff notes his objection.  Judge Dein completely ignores several facts asserted by the Plaintiff, which under the applicable standard of review to be applied must be taken as true.[1]

First, defendant, Ronald Zimmer, does not dispute that he is an American citizen.  Further, the Plaintiff provided evidence that Zimmer and Associates, has an address in Fruitland Park, Florida and that the Zimmer's own real estate in Pennsylvania.  (Cite the Record)  Evidence which indicates it is not so burdensome for the Defendants to travel to the United States as to make jurisdiction here unreasonable.  Judge Dein ignores these facts affirmatively asserted by the Plaintiff and instead relies on the defendant, Ronald Zimmer's Affidavit in reaching her conclusion.  Judge Dein also fails to note that the plaintiff offered evidence that the Defendants willfully avoided service of the

---

[1] On page 2 of the Report and Recommendation Judge Dein correctly states the proper legal standard for deciding a Motion to Dismiss for Lack of Personal Jurisdiction when there is no evidentiary hearing but then fails to apply this standard in considering the *Gestalt* factors.

This watermark does not appear in the registered version - http://www.clicktoconvert.com

complaint in this matter on December 30, 2003, by deceiving the local sheriff's department while they were physically present in Pennsylvania.

Plaintiff objects to Judge Dein's disregard for the recent case of Workgroup Technology Corporation v. MGM Grand Hotel, LLC., 246 F. Supp.2d 102 (2002), in her analysis of the first "Gestalt" factor.  The First District Court stated in Workgroup that, "Thus, for this particular Gestalt factor to have any significance, MGM must demonstrate that the exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." Id at 115.  Just as the Defendant in Workgroup failed to make the requisite showing, the Zimmers' too have failed to set forth that their appering in Massachusetts in this matter is onerous in a special or unusual way.  Sinatra v. National Enquirer, 854 F.2d 1191, 1199 (9th Cir. 1988)( In discussing the burden of defending in a foreign jurisdiction the Court noting that modern advances in communications and transportation have significantly reduced the burden of litigating in another country.)  Because the Judge has overstated the burden on the Defendants in appearing in Massachusetts and failed to take into consideration pertinent case law on this issue and because she has further failed to apply the appropriate standard of review her conclusion as to this issue she be reversed.

2. **Forum state's interest in adjudicating the matter:**

Plaintiff objects to Judge Dein's finding that "Nevertheless, where, as here, the litigation arises out of activities that took place elsewhere, involves real estate that is located elsewhere, and is brought by an individual who is at least a part-time resident of the foreign jurisdiction, Massachusetts interest is not particularly strong."  As noted in the

This watermark does not appear in the registered version - http://www.clicktoconvert.com

pleadings, during oral argument and within several of the Plaintiff's memorandums, all of the Plaintiff's central allegations involve communications sent into Massachusetts by the Defendants. Further, it is well established that Massachusetts "has a direct interest in protecting one of its own from any potential wrongdoing on the part of an out-of-state business." Rhode Island Hospital Trust Nat'l Bank v. San Gabriel Hydroelectric Partnership, 667 F.Supp. 66, 72 (D.R.I. 1987).

Certainly, Massachusetts has a prevailing interest in protecting its citizens from the fraudulent inducements of non-resident businesses. The Defendants in this matter consummated a fraud upon a citizen of the Commonwealth of Massachusetts. The fraud itself was consummated when the Plaintiff received several correspondences in Massachusetts. Judge Dein cites TicketMaster-New York, 26 F.3d at 211 (a court's interest in litigation is diminished where the acts giving rise to the action took place outside the forum), and notes that "The plaintiff's argument that the injury occurred in Massachusetts in unconvincing". (p. 16) There was no evidence submitted to indicate that the parties intended this contract to be governed by Caymanian law and in fact the contract called for the home to be built in accordance with the building code for southern Florida.

However, the plaintiff objects to Judge Dein's failure to properly cite the case of United Elec. Workers v. 163 Pleasant St. Corp. 987 F.2d 39 (1 Cir. 1993) (Pleasant St. II) in her analysis of this "Gestalt" factor. The First Circuit decided in "Pleasant St. II" that "With regards to the second factor, Massachusetts has an interest in this action because Massachusetts has an interest in adjudicating alleged violations of its consumer protection laws." United Elec. Workers, 987 F.2d at 46. The Plaintiff in this matter has

properly set forth a claim against the Zimmers for violations of the Massachusetts Consumer Protection Act, and therefore the Commonwealth clearly has a strong interest in adjudicating this matter.

3. Plaintiff's interest in obtaining convenient and effective relief:

The plaintiff objects to Judge Dein's finding that "Accordingly, it appears at least as convenient for the plaintiff to litigate this matter in the Cayman Islands as it is for the plaintiff to pursue his claims in Massachusetts." (p. 17) The plaintiff has been a permanent resident of Massachusetts for his lifetime. The fact that he owns a vacation home in the Cayman Islands bears very little on his convenience, particularly considering the natural disasters that have recently plagued the Islands and have done immeasurable damage to his property.

4. The judicial system's interest in obtaining the most effective resolution of the controversy and the interests of affected governments in promoting substantive social policies:

Judge Dein claims that the remaining factors of the Gestalt analysis, "do not appear to favor either party." (p. 17) This statement is completely incorrect and shows bias on the part of Magistrate Judge Dein.

Plaintiff objects to Judge Dein's finding that "It is undisputed that the plaintiff may pursue his action in the Cayman Islands, a British territory. Assuming, *arguendo*, that Massachusetts law applies to this case, which is an open question, there is no reason why the Caymanian courts cannot apply Massachusetts law". (p.17) Plaintiff's complaint

This watermark does not appear in the registered version - http://www.clicktoconvert.com

cites the Defendants' violations of Massachusetts General Laws ch. 93(a), and therefore, said laws must be applied. It is not an open question. Plaintiff disputes that he may pursue his action in the Cayman Islands. He has alleged violations of the Massachusetts Consumer Protection Act, and there is evidence that Caymanian Courts cannot properly apply and adjudicate matters regarding specific American state statutes. <u>Wilson v. Humphreys (Cayman), Ltd., 916 F.2d 1239</u> (7th Cir. 1990)

Wherefore, the Plaintiff, pursuant to Fed. R. Civ. P. 72, asks that this Honorable Court note his objections to Judge Magistrate Dein's Report and Recommendation on Defendants' Motion to Dismiss.

                Respectfully Submitted
                By the Plaintiff,

                /s/ Timothy Scannell
                _____
                Paul A. Gargano
                BBO# 185560
                Timothy Scannell
                BBO# 655453
                Sean Beagan
                BBO # 644929
                Gargano & Associates
                4 Canal Park
                Cambridge, MA 02141
Dated: October 1, 2004      617-621-1100