UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL A. GARGANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-12605-NG |
| ) | |
| RONALD ZIMMER, ZELITA ZIMMER, ) | |
| and ZIMMER & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

Pursuant to Fed. R. Civ. P. 72(b) and Rule 3(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the defendants submit this memorandum in response to "Plaintiff's Objections To Proposed Findings And Recommendations" (the "Objection"), filed on October 1, 2004.

**I.   ARGUMENT**

As in his papers opposing the defendants' Motion to Dismiss, the plaintiff is reckless with both the facts and the law in his Objection. For example, the plaintiff argues that Judge Dein's conclusion that the final two gestalt factors "do not appear to favor either party" is "*completely incorrect and shows bias on the part of Magistrate Judge Dein.*" Objection, p. 9 (emphasis added).[1]

Judge Dein issued an exhaustive 18-page Report and Recommendation on Defendants' Motion to Dismiss ("Report"). The Report considered the facts "in the light most favorable to

---

[1] Moreover, the plaintiff bases this outlandish assertion on the incorrect legal argument that just because he *asserted* a 93A count, "therefore, said laws must be applied. It is not an open question." Objection, pp. 9-10.

the plaintiff's jurisdictional claims." Report, p. 3.[2] Even with this benefit, the plaintiff did not come close to establishing that this Court could properly exercise personal jurisdiction over defendants Ronald Zimmer, Celita Zimmer, and Zimmer & Associates Ltd. (collectively, the "Zimmers").

The plaintiff's critique centers on the Report's conclusions that there was no "purposeful availment" and that the "gestalt factors" weighed against the exercise of jurisdiction. Both of these arguments are addressed in turn.

<u>Purposeful Availment</u>

The plaintiff argues that Judge Dein misapplied the law and "failed to give [evidence of correspondence] sufficient weight." Objection, p. 2. Curiously, the plaintiff argues that

> [i]n reaching her conclusion, Judge Dein relies heavily on the case of <u>TicketMaster-New York Inc. v. Alioto</u>, 26 F.3d 201 (1st Cir. 1994), neglecting to recognize a much more relevant case, that of <u>Brookfield Machine, Inc. v. Calbrit Design</u>, 929 F. Supp. 491 (1996).

Objection, p. 2. There are two problems with the plaintiff's argument. First, in the "purposeful availment" section of the Report, Judge Dein never cites to <u>TicketMaster</u> at all. Instead, the Report relies heavily on a 1999 First Circuit case, <u>Phillips Exeter Academy</u>. <u>See</u> Report, pp. 13-14. That case clearly supports the legal conclusions made in the Report.

---

[2] The defendants actually believe too many of the plaintiff's bald, unsupported assertions were credited in the Report. It was the plaintiff's burden to prove specific facts to support its claim. See <u>Lavalle v. Parrott-Ice Drink Prods. of Am., Inc.</u>, 193 F. Supp. 296, 298 (D. Mass. 2002). The plaintiff fell far short of satisfying his burden. For example, the Report found that the "relatedness" prong was satisfied because the "[t]he year-long contract negotiations, involving numerous telephone calls, e-mails and faxes sent by the Zimmers to the Gargano's home in Massachusetts constitute contacts with the Commonwealth for purposes of the jurisdictional analysis." Report, p. 12. The affidavits submitted by the parties do not establish such extensive contacts, let alone year-long *negotiations*. For example, the telephone records submitted by the plaintiff demonstrate calls that *he made* to the defendants. The affidavits actually demonstrate that the plaintiff solicited in the defendants in the Cayman Islands, and continued to solicit them when he returned to Massachusetts.

2

Second, <u>Brookfield</u> is completely inapposite, and does not support the plaintiff's contention that "purposeful availment" could even hypothetically be found. In the instant case, the Zimmers have not been to Massachusetts in over twenty years. In <u>Brookfield</u>, the defendant had been to Massachusetts many times and, in furtherance of their joint work together, had spent "122 hours of programming time at Brookfield's Massachusetts facility." <u>Brookfield</u>, 929 F. Supp. at 495-96. In finding purposeful availment, the court noted the following:

> Both parties envisioned a relationship based upon F-22 contracts that would last for several years ... Moreover, Calbrit agreed to supply a computer workstation and an engineer in Massachusetts for the duration of the F-22 IF project, and three Calbrit employees performed at least 122 hours of services in Massachusetts in connection with that project. When one considers, in addition to the foregoing factors, the veritable flood of communications between the defendant and the plaintiff in Massachusetts, this Court concludes that Brookfield has demonstrated the requisite purposeful availment by Calbrit in Massachusetts.

<u>Id.</u> at 499.

As the Report details, the instant case is absolutely nothing like <u>Brookfield</u>. The Zimmers did not reach out to Massachusetts to do business. Rather, they were approached by the plaintiff, built him a multi-million home in the Cayman Islands (where the Zimmers live and work, and where the plaintiff is a Caymanian by grant of status), and infrequently communicated with the plaintiff before and during the construction of the house. Quite simply, the plaintiff has not and cannot marshal any facts that would undermine Judge Dein's conclusion that "Gargano has not demonstrated that the Zimmers benefitted from the protection of Massachusetts law as a result of their contacts, or otherwise established continuing obligations between themselves and the forum state." Report, p. 14.

Gestalt Factors

The plaintiff also objects to the Report's weighing of the "gestalt" factors. See Objection, pp. 5-10. The Report correctly found that even if the plaintiff could establish the other prongs in the due process analysis (which he cannot), "the Gestalt factors would tip the balance in favor of denying jurisdiction." Report, p. 15. The plaintiff claims that "Judge Dein completely ignores several facts asserted by the Plaintiff, which under the applicable standard of review to be applied must be taken as true." Id., p. 6. The plaintiff misconstrues the applicable standard, as evidence by the very case he cites:

> In conducting the requisite analysis under the prima facie standard, we take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim. We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted. **We caution that, despite the liberality of this approach, the law does not require us struthiously to "credit conclusory allegations or draw farfetched inferences."**

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998) (internal citations omitted and emphasis added).

What the plaintiff really objects to is the Reports' *conclusion* that it would, in fact, be burdensome for the Zimmers to appear in Massachusetts. However, the "facts" cited by the plaintiff do not support the contrary conclusion. Clearly, as Massachusetts School of Law holds, Judge Dein was not obligated to make the farfetched inference that, just because the Zimmers have family in Florida and own a seldom-used vacation home in southwestern Pennsylvania, appearing in Massachusetts would not be burdensome for them. As the Report noted, the Zimmers are full time residents of the Cayman Islands, are the parents of four young children, and conduct no business in Massachusetts. Report, p. 15. Moreover, *all* of the witnesses reside in the Cayman Islands. Id. (Indeed, *only* the plaintiff resides in Massachusetts. But, as

mentioned above, he is a Caymanian by grant of status, and spends significant amounts of time in the Cayman Islands. This is why he built a multi-million dollar home there. Put simply, the plaintiff chose to do with business with the Zimmers, in Grand Cayman. This was a business relationship between two Caymanian residents.)

The plaintiff also objects to the Report's conclusion regarding Massachusetts' "interest in adjudicating the matter." Objection, pp. 7-8. The Report, however, held that this factor was basically a wash. Report, p. 17. The plaintiff erroneously argues that this factor should have some weight just because the plaintiff *asserted* a Chapter 93A claim. Objection, pp. 8-9. Even if this was actually a case about "unfair trade practices" (and not merely an attempt to bully the Zimmers into writing off what the plaintiff owes them), the mere fact that the plaintiff has alleged a claim – when none of the events at issue occurred in Massachusetts and where all parties are Caymanian – does not in and of itself create jurisdiction. If that were the case, a plaintiff could always manufacture personal jurisdiction over a defendant simply by alleging, whether based in fact or not, a violation of Mass. G.L. c. 93A.

## II.   CONCLUSION

For the foregoing reasons, the plaintiff's objections to the Report should be overruled.

                RONALD ZIMMER, CELITA ZIMMER,
                and ZIMMER & ASSOCIATES

                By their attorneys,

                /s/ Scott McConchie
                Thomas F. Maffei (BBO 313220)
                Scott McConchie (BBO 634127)
                GRIESINGER, TIGHE & MAFFEI, LLP
                176 Federal Street
                Boston, Massachusetts 02110-2214
                (617) 542-9900

Dated: October 8, 2004