UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS, ss.                     C.A. No.  03-CV-12605

PAUL A. GARGANO        )
    Plaintiff                     )
                                           )
v.                                           )
                                           )
                                           )
RONALD ZIMMER, ZELITA ZIMMER   )
and ZIMMER & ASSOCIATES              )
    Defendants                )
                                           )

**PLAINTIFF'S MOTION IN OPPOSITON TO COURT ORDERED SANCTIONS**

Now comes the Plaintiff, Paul Gargano, and hereby requests this Honorable Court to reconsider its decision in regards to the sanctioning of the Plaintiff. In furtherance of said motion please see the Attached Affidavit of Attorney Paul A. Gargano and Attorney Mathew P. Smith.

1. In February, 2004, Plaintiff filed the above entitled action against the Defendants for Defendants' breach of contract and their deceptive acts in violation of M.G.L. Ch. 93A

2. August 29, 2006, Defendants served upon the Plaintiff a Motion to Dismiss for Lack of Personal Jurisdiction.

3. Opposition from the Plaintiff was due on or before September 18, 2006.

4. On September 18, 2006, Plaintiff arduously attempted to electronically file his opposition with this Honorable Court. However, due to technical issues with Plaintiff's computer system, he was unable to electronically file.

5. As a result of said technical issues, and in an effort to properly and timely file his opposition, on September 18, 2006, Plaintiff contacted the clerk of the Court seeking advice for alternative filing methods. Specifically, Plaintiff spoke with Clerk Steven York who instructed the Plaintiff to send his Opposition to Defendant's Motion to Dismiss via first-class mail to the attention of "Jeanette." Plaintiff followed the instruction of Clerk York.

6. Subsequently, Plaintiff's counsel Sean Beagan contacted this Honorable Court and was told by a clerk of the Court that a motion hearing on the matter was scheduled for June 5, 2007. Attorney Beagan was running the office while Attorney Gargano was on vacation. Upon Attorney Gargano's return, Attorney Beagan informed him of the conversation he had with a clerk regarding the date of the motion hearing now scheduled for June 5, 2007. At that time, and without being aware of it, emails from the court were being sent to Courtney Baia whose employment in this office had terminated in December of 2006. Furthermore, Attorney Beagan terminated his own employment in May of 2007.

7. On May 31, 2007, Plaintiff contacted the court to ensure the hearing scheduled for June 5, 2007 was going forward. It was at this point that Plaintiff was first informed by Ms. Lisa Whorham that on September 19, 2006, his case had been dismissed for lack of opposition to Defendant's Motion to Dismiss. Ms. Whorham also notified

him that that his Opposition had in fact been received and docketed on September 20, 2006. Ms. Whorham told him that a Notice of Dismissal was sent electronically to Courtney Baia-Corbett, an Office Administrator no longer with Plaintiff's law firm. Needless to say, Plaintiff never received said notice.

8. Plaintiff then spoke with Clerk Steven York. Mr. York did not deny that he spoke with Plaintiff's counsel on September 18, 2006 and did not deny instructing Plaintiff to send his opposition via first-class mail.

9. Attorney Sean Beagan has been contacted on repeated occasions in an attempt to verify his previous conversation with the court regarding the June 5, 2007 hearing. Plaintiff's counsel has not yet had the cooperation of his return call. Plaintiff will continue to pursue Mr. Beagan so that he may obtain his affidavit to the facts stated herein.

10. In furtherance of your direction, a request is hereby made for leave so that Plaintiff may proceed with his claim for damages against the Defendant. The merits of this matter have not been heard, nor was the Plaintiff afforded an opportunity to identify the jurisdictional issues set forth in our memorandum. The Plaintiff most humbly apologizes for the confusion caused and would be deeply appreciative for leave to proceed as stated in his Complaint.

WHEREFORE, the Plaintiff, Paul Gargano, respectfully requests that this Honorable Court reconsider the sanctions imposed upon him.

Dated at Cambridge, Massachusetts, this 10 day of July, 2007.

                                                                              Plaintiff,
GARGANO & ASSOCIATES, P.C.

/s/ Paul Gargano

_____
Paul Gargano BBO# 185560
Thomas Graves Landing
4 Canal Park
Cambridge, MA 02141
(617) 621-1100

Dated: July 10, 2007